## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**DONOVAN LEE BILLIOT**                                    CIVIL ACTION

**VERSUS**                                                NO. 25-1402

**TERREBONNE PARISH CRIMINAL JUSTICE**                    SECTION "M"(5)
**COMPLEX, ET AL.**

### <u>REPORT AND RECOMMENDATION</u>

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, Donovan Lee Billiot, a pretrial detainee housed at the Terrebonne Parish Criminal Justice Complex.  In his lawsuit against defendants, the Terrebonne Parish Criminal Justice Complex, Warden Rhonda Ledet, Sheriff Timothy Soignet, and the Terrebonne Parish Consolidated Government, he claims that he injured himself while restrained at the jail.  He alleges that he was in the hospital for detoxification the day after his arrest and then returned to the jail.  He recalls nothing else.  He awoke to find himself back in the hospital with a broken shoulder and a big knot on his head.  He was told that he was fully restrained and shackled to the medical bench at the jail when he stood up and fell on his shoulder and knocked himself out.[1] He requests monetary compensation for cruel and unusual punishment.[2]

A proceeding brought *in forma pauperis* may be dismissed as frivolous under § 1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v.*

---

[1] ECF No. 1 at 5.

[2] *Id.* at 6. Pretrial detainees have a due process right under the Fourteenth Amendment to be free "from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397, 400 (2015); *see also Bell v. Wolfish*, 441 U.S. 520, 535–36 (1979) ("In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, the proper inquiry is whether those conditions amount to punishment of the detainee."  Billiot does not allege that he sustained the injury as the result of excessive and objectively unreasonable force by an officer.

*Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A, 42 U.S.C. § 1997e(c). Liberally construing the complaint, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed with prejudice as frivolous and for failing to state a claim upon which relief can be granted.

Billiot names Terrebonne Parish Criminal Justice Complex (TPCJC) as a defendant in this case. However, the jail is not a proper defendant. It is well-settled that "[t]he [jail] is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." *Mitchell v. Jefferson Parish Correctional Center*, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013); accord *Culbertson v. J.P.S.O.*, Civ. Action No. 16-15958, 2017 WL 5133209, at *3 (E.D. La. Nov. 6, 2017) (citing *Stamps v. Jefferson Parish Correctional Center*, Civ. Action No. 12-1767, 2012 WL 3026808, at *2 (E.D. La. July 12, 2012), *adopted*, 2012 WL 3027945 (E.D. La. July 24, 2012)); *Porter v. St. Bernard Parish Jail*, Civ. Action No. 15-5716, 2015 WL 10323883, at *1 n. 1 (E.D. La. Dec. 21, 2015), *adopted*, 2016 WL 687655 (E.D. La. Feb. 19, 2016)). Because the jail cannot be sued under § 1983, any claims asserted against TPCJC should be dismissed.

Billiot also names Sheriff Timothy Soignet and Warden Rhonda Ledet as defendants, although he asserts no grounds for doing so. He appears to name them simply for their purported accountability as supervisory officials for acts or omissions that occur at the prison. Rather than name any individual state actor involved in the incident, he appears to be asserting a theory of vicarious liability. However, supervisory officials, like Sheriff Soignet and Warden Ledet, cannot be held liable pursuant to § 1983 under a theory of *respondeat superior* or vicarious liability simply because personnel at the jail allegedly violated the

plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999). A supervisor may be held liable only if (1) he was "personal[ly] involve[d] in the constitutional deprivation, or (2) [there existed] a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Additionally, a supervisor can be held liable without overt personal participation if he or she "implement[s] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' " *Id.* (citing *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir.1985), *cert. denied*, 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1987) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978)).

Billiot has failed to state a non-frivolous claim against the Sheriff or Warden in either an individual or official capacity. He does not allege that the Sheriff or Warden had any direct or personal involvement in the incident. Indeed, there appears to be no causal connection at all between their conduct and the incident alleged. He does not allege that defendants implemented any policy or practice that resulted in a constitutional deprivation. Thus, the claims against these defendants should be dismissed.

Finally, Billiot names Terrebonne Parish Consolidated Government (TPCG) as a defendant presumably because the incident occurred at the jail. However, the claim against this defendant is also frivolous and otherwise fails to state a claim for which relief can be granted. TPCG, as a local governing body, is a "person" within the meaning of § 1983 and therefore is subject to suit under that provision. *See Monell*, 436 U.S. at 694. The burden for a successful § 1983 claim against a municipality like the TPCG is twofold. The plaintiff must establish the existence of a constitutional violation and show that a specific "policy or

custom" enacted by the municipality itself was the "moving force" of the constitutional violation. *Id.* Liability attaches only when the municipality itself causes the constitutional violation at issue. *Brown v. Bolin*, 500 F. App'x 309, 316 (5th Cir. 2012) (citing *Hare v. City of Corinth Miss.*, 74 F.3d 633, 649, n. 4 (5th Cir. 1996) (en banc)). Here, Billiot has not alleged that his constitutional rights were violated as the result of a policy, practice, or custom by TPCG to support a claim under *Monell*. Consequently, the claims against TPCG should be dismissed.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Billiot's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915 and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this _21st_ day of _____July_____, 2025

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.